FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

AUG 1 2 2002

*Robert M. March*
CLERK
JP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SCOTT HARRISON,

    Plaintiff,

vs.

CIVIL NO. 02-827-~~WESS~~/LFG

STEPHEN DEVINE,

    Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING LIMITED WAIVER OF COSTS AND DISMISSING LAWSUIT WITHOUT PREJUDICE

### Waiver of Filing Fee

Plaintiff Scott Harrison ("Harrison") seeks the Court's order authorizing him to proceed with this litigation without the payment of costs or fees. The *in forma pauperis* statute, 28 U.S.C. § 1915 authorizes a court to waive those fees. The intent of this statute is to guarantee, "[N]o citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States solely because . . . [lack of funds] makes it impossible for him to pay or secure the costs [of litigation]." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342, 69 S. Ct. 85, 90 (1948).

Harrison submitted an affidavit indicating that he is indigent. He has temporary employment cleaning a carpet at a church and expects to receive to receive between $120 and $160. He owns no real estate; owns no automobile; has no stocks, bonds or savings; and has no other assets to utilize in the prosecution of this litigation. Based on Harrison's affidavit, the Court will authorize the filing of his complaint for damages without the payment of a filing fee.

## *Sua Sponte* Analysis of Complaint

While Congress removed barriers to court process for indigents by enacting the *in forma pauperis* statute, it also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324, 109 S. Ct. 1827, 1831 (1989); Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1732-33 (1992). In response to this congressional concern, courts were authorized to dismiss an *in forma pauperis* complaint "if the court determines that . . . the action . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2). Accordingly, a court may conduct a *sua sponte* review of a complaint pursuant to this section, and may dismiss the complaint if it is patently obvious that the plaintiff cannot prevail on the facts alleged. Hall v. Belmon, 935 F.2d 1106, 1109 (10th Cir. 1991). However, if the defect is in the pleading, and the pleading may be cured by appropriate allegations, the dismissal of the complaint is generally without prejudice to the plaintiff filing a new complaint with valid allegations.

In reviewing a *pro se* complaint, the court applies the same legal standards applicable to pleadings drafted by counsel, but remains mindful that a *pro se* complaint must be liberally construed. Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992). It is with these standards in mind that the Court reviews Harrison's complaint for damages.

## Insufficient Allegations of Federal Court Jurisdiction

Harrison seeks to invoke federal court jurisdiction under 28 U.S.C. § 1332. This statutory provision grants district courts original jurisdiction in civil actions where the matter in controversy exceeds the sum of $75,000 and there is complete diversity of citizenship. Harrison's complaint alleges damages in excess of $75,000, satisfying § 1332(a). However, the second requirement under

2

this statute is lacking. There is no complete diversity of citizenship. Indeed, paragraph 3 of complaint indicates that Harrison is a resident of New Mexico and Louisiana, and that Defendant is a resident of the states of New Mexico and Texas. Thus, on the face of the complaint, jurisdiction cannot be invoked pursuant to § 1332, as there is not complete diversity of citizenship.

If this failing were not sufficient, the Court further notes that Harrison's attempts to invoke the Court's jurisdiction pursuant to various civil rights statutes are also unavailing. Harrison seeks to assert claims under 42 U.S.C. §§ 1983 and 1985. Claims pursuant to § 1983 allow for court relief when a party's federally protected rights have been violated by state or local officials or by other persons acting under color of state law. Thus, a person who asserts a claim for relief under § 1983 must satisfy two elements: (1) "the plaintiff must allege that some person has deprived him of a federally right," and, (2) "he must allege that the person who has deprived him of that right acted under color of state or territorial law." Gomez v. Toledo, 446 U.S. 635, 640, 100 S. Ct. 1920, 1923 (1980); West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988).

It is unclear, but appears that Harrison's lawsuit arises out of a family dispute concerning the care given by other family members and healthcare providers to a relative. He contends in paragraph 8 of complaint:

> The Defendants, DEVINE, DARE, WILBANKS[1] being Family members, did Unlawfully, Willfully, and Knowingly, Conspire, Combine, Confederate and agree with each other and other's [sic] Unknown, with sole intent and malicious aforethought to Defraud your Plaintiff of his rights to property Liberty and "Equal Protection" under the Law.

---

[1] While this name first appears in the body of the complaint, the name is not listed in the case caption, nor is it listed in the section identifying Defendants in paragraph 5.

While this allegation may be read to satisfy the first prong of a § 1983 claim, it does not satisfy the second.

Nowhere does Harrison allege that the individuals named are state actors or that any actions that they took were pursuant to provisions of state law. Thus, even assuming Harrison's allegations are true, that is, that Devine, Dare and Wilbanks defrauded him of property, liberty and equal protection, these allegations are insufficient to state a § 1983 claim unless he can satisfy the second requirement under § 1983. That is, he must demonstrate that whoever is depriving him of the right is acting under color of state law. Nowhere in his complaint does Harrison contend that these Defendants acted under color of state, local, territorial or District of Columbia law.

The same is true for Harrison's allegations against Defendant Hobbs Health Care Center. Harrison specifically indicates it is a privately owned facility, thus, it is not a state agency. The Hobbs Health Care Center is therefore not a state actor unless it acted under color of state law and there are no allegations whatsoever about acts or omissions by the Hobbs Health Care Center, and, thus, no way for the Court to conclude that this is a valid § 1983 claim as against Hobbs Health Care Center.

Finally, Harrison does name the "Medical Assistance Division of New Mexico and Human Services" as a Defendant, but the only allegations in the complaint against this Defendant appear in paragraph 23, where Harrison alleges:

> Are liable to the Plaintiff [sic] Failure to Properly Hire, Train and Supervise competent State officials with Judicial authority under State and Federal Laws in the name of State of New Mexico and pass uniform Laws and thereby prevent the actions complained above
> . . . .

4

These allegations are insufficient to satisfy the first requirement for § 1983 litigation. Harrison fails to allege and, indeed, cannot allege that the Defendant's failure to hire train or supervise constitutes violations of the constitution or other federally protected rights.

These allegations are simply insufficient to show what accusations are being levied against this Defendant. Additionally, because Harrison's complaint seeks monetary damages, his lawsuit may not be brought against the State of New Mexico under the Eleventh Amendment. *See also*, Will v. Michigan Dept. of State Police, 491 U.S. 58, 109 S. Ct. 2304 (1989. No injunctive relief is sought in this case, and no state employee is named in any individual capacity. In sum, Harrison's complaint is deficient in that the assertions of federal jurisdiction are lacking, and those allegations that have been made are simply not sustainable.

## Class Action

Harrison identifies this as a class action lawsuit. Class action relief may be sought in a federal forum, but must be brought pursuant to the requirements of Fed. R. Civ. P. 23. An examination of Harrison's complaint shows that he has failed to plead any of the prerequisites to class action required by Rule 23(a). He has not demonstrated that the class is so numerous that joinder of all members is impracticable; he has not demonstrated the existence of questions of law or fact common to the class; he has not pled that the claims or defenses of the representative parties are typical of the claims or defenses of the class; and he has not demonstrated that as the representative of the parties, he will fairly and adequately protect the interests of the class.

Perhaps some of these defects could likely be remedied by an amendment. Others, however, cannot. For example, Harrison is a *pro se* litigant and, as such, may prosecute his own claims in a federal forum. As a non-lawyer, however, he may not represent the interests of other litigants. Thus,

5

it is impossible for Harrison to satisfy the fourth requirement under Rule 23.

The claim as presently stated fails to state a cause of action, and certainly fails to comply with pleading requirements for class action lawsuits. While the Court does not comment on the merits of the claims, simply stated, if there are any legitimate bases for disputes concerning this intra-family matter, relief may be available in an appropriate state court. The claims asserted do not come within the federal court's jurisdiction. Thus, the Court will dismiss without prejudice. If Harrison files another complaint in a federal court, he is admonished to comply with the pleading federal requirements of Fed. R. Civ. P. 8 and the investigative and certification requirements of Fed. R. Civ. P. 11.

IT IS THEREFORE ORDERED that this action is dismissed without prejudice. If re-filed in another federal court, Harrison must correctly invoke federal jurisdiction and plead in accord with the requirements of the Federal Rules of Civil Procedure.

_____
UNITED STATES DISTRICT JUDGE